NOT DESIGNATED FOR PUBLICATION

No. 124,351

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of A.E.,
A Minor Child.

MEMORANDUM OPINION

Appeal from Johnson District Court; KATHLEEN SLOAN, judge. Opinion filed April 22, 2022. Affirmed.

*Richard P. Klein*, of Lenexa, for appellant natural father.

*Shawn E. Minihan*, assistant district attorney, and *Stephen M. Howe*, district attorney, for appellee.

Before ATCHESON, P.J., WARNER and HURST, JJ.

PER CURIAM: Father appeals the district court's adjudication of his child, A.E., as a child in need of care (CINC) claiming that the child had adequate support and should not have been placed in custody of the State. Notably, Father fails to challenge the facts supporting the district court's CINC decision. Although not easily discernable from the briefing, it appears Father is not only appealing the court's determination that A.E. was a child in need of care but also the court's disposition after that determination. In the interest of completeness, this court addresses both issues and finds that Father's conclusory argument cannot overcome the district court's findings. The district court's adjudication of A.E. as a child in need of care and disposition of her custody and placement is affirmed.

1

During the State's investigations in this case, A.E. was 15 years old; she was 17 at the time of the adjudication hearing and is now approaching the age of majority. In 2019, the State petitioned the district court to declare A.E. a child in need of care claiming that A.E. was without adequate parental care, control, or subsistence necessary for A.E.'s physical, mental, or emotional health and had been physically, mentally, or emotionally abused, or neglected or sexually abused. The State's case stemmed from a single incident in October 2019 in which an argument between Mother and A.E. escalated and Mother was accused of hitting A.E. with a hairbrush and belt, and Mother's boyfriend allegedly threw A.E. across the room. Mother then locked A.E. and a sibling in the sibling's bedroom but both children left the house and went to a friend's house. The police were then contacted and they returned the children to Mother's house.

The day after the incident, both children went to school where a social worker interviewed them and observed marks and bruises on A.E.'s legs and bottom. According to the social worker, both children expressed fear and concern about returning to Mother's house. The State placed both children in protective custody. The next day Mother declined to speak to the social worker and advised she had retained legal counsel.

On October 3, 2019, the district court held an emergency hearing in which Mother was present and represented by counsel, and Father was not present. The State requested continued out-of-home placement for A.E. and a sibling. At that time, Mother was "concerned about even requesting to have the children returned to the home" and the court determined "[p]lacement outside the home is in the best—children's best interest" and placed the children in "DCF Custody with authority for suitable placement." Then in March 2021, the district court held another hearing in which Mother attended with counsel and Father, who was incarcerated, appeared by counsel. At that hearing, Father's attorney requested a hearing for the CINC adjudication, and Mother requested a hearing

2

on her motion for lack of reasonable efforts. The court held a CINC adjudication hearing on July 16, 2021, where neither Mother nor her counsel appeared, and Father was present and appeared with counsel. The court ultimately adjudicated A.E. as a child in need of care and ordered her to remain in the custody of the Kansas Department for Children and Families (DCF).

Father appeals.

DISCUSSION

While Father clearly appeals from the district court's July 23, 2021 journal entry, Father's specific claims are less clear. Father's notice of appeal is broad, stating he appeals "from all judgments, findings, and conclusions adverse to him" and specifically "from the judgment of the District Court finding that the child is in need of care, all as reflected in the Journal Entry filed with the Clerk of the District Court on 7-23-2021." On appeal, Father claims that the court erred in adjudicating A.E. as a child in need of care, but he does not actually dispute the facts supporting the court's determination. Instead, Father argues that the district court erred in placing A.E. in DCF custody after making the child in need of care finding. Father's dispositional argument must be treated as legally distinct from his claim that the court erred in adjudicating A.E. to be a child in need of care. Compounding, or perhaps underlying, Father's confusion is the district court's adjudication hearing and journal entry which combined the CINC adjudication with its dispositional decision. As a result, this court will address both issues.

A short explanation of CINC procedures is necessary to fully address Father's argument in this case. When a child is identified who might be living in an unhealthy or unsafe environment, the State can file a court action to have that child adjudicated as a "child in need of care." K.S.A. 2020 Supp. 38-2234; K.S.A. 2020 Supp. 38-2202(d). After a court finds, by clear and convincing evidence, that a child is indeed a child in

3

need of care, the inquiry continues. K.S.A. 2020 Supp. 38-2251(b). The court must then determine the proper disposition for the child, which includes who will have legal custody of the child and where the child will live. K.S.A. 2020 Supp. 38-2253(a); K.S.A. 2020 Supp. 38-2255(a)-(d). The court considers many factors related to the child's physical and mental well-being in determining the proper placement and can place the child in the physical and legal custody of the parent, a relative, a close friend, a foster parent, or other suitable person or entity—including the State. K.S.A. 2020 Supp. 38-2255(a)-(d). Often the CINC proceedings are separate from the disposition proceedings, but that is not always required. K.S.A. 2020 Supp. 38-2253(b) ("An order of disposition may be entered at the time of the adjudication if notice has been provided pursuant to K.S.A. 38-2254."). After the district court adjudicates a child as a CINC and makes a disposition decision there are many paths the proceedings may take, including reunification with parents or termination of parental rights.

Any party or interested party may appeal "from any order of temporary custody, adjudication, disposition, finding of unfitness or termination of parental rights." K.S.A. 2020 Supp. 38-2273(a). Here, Father is either appealing both the adjudication of A.E. as a child in need of care and the court's disposition decision to place A.E. in DCF custody, or just the disposition decision.

I.      *The district court did not err in adjudicating A.E. a child in need of care.*

This court reviews the district court's CINC adjudication by viewing the evidence in the light more favorable to the State and determining whether a rational fact-finder could have found by clear and convincing evidence that the child was in fact a "child in need of care." *In re B.D.Y.*, 286 Kan. 686, 705, 187 P.3d 594 (2008). This review dovetails the district court's standard of review, which required it to determine by clear and convincing evidence that A.E. was a child in need of care. K.S.A. 2020 Supp. 38-

2250. A child in need of care is broadly defined, among other things, as a child under the under the age of 18 who:

> "(1) Is without adequate parental care, control or subsistence and the condition is not due solely to the lack of financial means of the child's parents or other custodian;
> "(2) is without the care or control necessary for the child's physical, mental or emotional health; or
> "(3) has been physical, mentally or emotionally abused or neglected or sexually abused."
> K.S.A. 2020 Supp. 38-2202(d)(1)-(3).

At the adjudication hearing in July 2021, the district court combined the CINC and dispositional proceedings. The district court heard testimony from Father, who was incarcerated at the time and thus unable to accept placement of A.E., and a DCF social worker who investigated the alleged physical abuse of A.E. by Mother and Mother's boyfriend. The social worker testified that she spoke to A.E. who reported that Mother struck her with a hairbrush and belt on her legs and bottom, and the social worker observed marks and bruises on A.E. consistent with that report. The social worker also testified that A.E. "expressed fear and concern" about returning to Mother's home. Mother refused to speak to the social worker, and the social worker was unable to ask Mother to identify a possible placement or guardianship for A.E. The court also noted Mother's prior no contest statement that A.E. was a child in need of care pursuant to K.S.A. 2020 Supp. 38-2202(d)(2) and the guardian ad litem's prior stipulation that A.E. was a child in need of care pursuant to K.S.A. 2020 Supp. 38-2202(d)(1)-(3). After hearing the evidence, the district court adjudicated A.E. as a child in need of care pursuant to K.S.A. 2020 Supp. 38-2202(d)(1)-(3) and proceeded to the disposition decision.

On appeal, Father's only contention is that A.E. was not a child in need of care "because [A.E.] was in a placement that the father could have arranged himself" and had "a very strong family support group on both her mother and her father's side that were

5

never contacted." Father also argues the district court should have considered his efforts to maintain a relationship with A.E. while incarcerated—but that consideration relates to proceedings to terminate parental rights, not to whether A.E. was a child in need of care. See *In re M.B.*, 39 Kan. App. 2d 31, 47, 176 P.3d 977 (2008). Father's parental rights were not terminated—proceedings to terminate parental rights are distinct from the court's determination that A.E. was a child in need of care at the time of the adjudication hearing.

The district court heard no testimony or other evidence contradicting the State's contention that A.E. was a child in need of care. Father did not dispute that Mother was unable to provide adequate care for A.E. or that he was unable to accept placement of A.E. Father did not dispute that Mother hit A.E. with a hairbrush and left bruises or that A.E. was afraid of Mother. In fact, Father agreed that A.E. should not return to Mother's house. Moreover, Mother agreed that A.E. was a child in need of care because she was unable to provide for A.E.'s physical, mental, or emotional health. A.E.'s guardian ad litem stipulated that A.E. was a child in need of care, and the district court heard evidence that Mother hit A.E. and A.E. was afraid to return to Mother's home. There was clear and convincing evidence—that is, evidence that establishes that the truth of the asserted facts are highly probable—to support the district court's adjudication of A.E. as a child in need of care. See *In re B.D.Y.*, 286 Kan. at 705-06. The undisputed facts demonstrate it is highly probable that A.E. was: (1) without adequate parental care, control, or subsistence; (2) without care or control necessary for her physical, mental, or emotional health; and (3) physically, mentally, or emotionally abused or neglected. See K.S.A. 2020 Supp. 38-2202(d)(1)-(3).

II.     *The district court did not err in placing A.E. in the custody of the State.*

Unlike the review of the adjudication phase of the proceedings, this court reviews the district court's dispositional decision for an abuse of discretion. *In re P.J.*, 56 Kan.

6

App. 2d 461, 465-66, 430 P.3d 988 (2018). In other words, this court will only disturb the district court's dispositional decision if (1) no reasonable person would take the same view adopted by the district court; (2) its decision is based on an error of law; or (3) its decision is based on an error of fact. 56 Kan. App. 2d at 466. Father carries the burden to demonstrate that the district court abused its discretion in placing A.E. in the custody of the State with physical placement with her paternal aunt. In making this determination, this court will not reweigh the evidence or reassess the district court's credibility determinations. See *In re K.E.*, 294 Kan. 17, 23, 272 P.3d 28 (2012) (petitioner carries the burden of proof); *In re B.D.Y.*, 286 Kan. at 705 (explaining the well-established principle that the appellate court does not reweigh evidence).

On appeal, Father fails to identify the applicable standard of review for his dispositional argument that "A.E. should not have been placed in DCF custody," but conflates this argument with his claim that A.E. was not a CINC. Nonetheless, he argues that the district court erred in the disposition of A.E. Father contends that A.E. has strong family support and "there is simply nothing in the record to indicate that a placement would have been inappropriate." Mother refused to speak to the social worker and did not provide any physical or legal placement options. The court placed A.E. in the legal custody of DCF who then found her a physical placement with family. Father supports the physical placement location, but without factual or legal support disputes the district court's decision to place legal custody with DCF. Father does not contend that the district court relied on an error of fact or an error of law, and this court finds none. Additionally, this court cannot say that no reasonable person would agree with the district court's disposition decision.

CONCLUSION

The district court's adjudication of A.E. as a child in need of care and dispositional placement is affirmed.

7